```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION
```

CLEVEN NEAL,                        *
                                    *
    Plaintiff,                      *
                                    *
vs.                                 * CIVIL ACTION NO. 20-00328-KD-B
                                    *
COLONIAL TRAILWAYS,                 *
                                    *
    Defendant.                      *

## REPORT AND RECOMMENDATION

This action is before the Court on Defendant Colonial Trailways' motion to dismiss (Doc. 3). The motion, which is ripe for resolution, has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned **RECOMMENDS**, for the reasons stated herein, that Defendant's motion to dismiss be **DENIED without prejudice**, and that Plaintiff be afforded the opportunity to amend his complaint.

## I. BACKGROUND

On May 21, 2020, Plaintiff Cleven Neal ("Neal"), proceeding *pro se*, filed the instant lawsuit against Defendant Colonial Trailways ("Colonial Trailways") in the Circuit Court of Mobile County, Alabama. (Doc. 1-1 at 1-10). Neal's complaint, which he labeled a "Motion to be Compensated", states the following:

Your Honor, my name is Cleven Neal. I came within four days of being employed at Colonial Trailways for three years. I was wrongfully terminated, because my co-worker drew a knife out at me and threaten[ed] to kill me. There was no one there in management so I had no other choice but to call the police.

Your Honor, the incident happened on July twenty ninth two thousand nin[e]teen, and [I] was terminated the next day. I went to the ma[g]istrate office and signed a warrant for my co-worker[']s arrest. As of today, it is yet an outstanding warrant.

Your Honor, Federal Law says that it is against federal laws to work in a hostile work place. There are cam[e]ras all around the facility that will show that my co-worker was trying to come at me, but one of my other co-worker[s,] Calvin Lee[,] prevented [him] from attacking me. The co-worker who tried to attack me with a knife[']s name [is] Johnny Fletcher, and the Mobile Police Headquarters sent a Phot[o]-lineup to the ma[g]istrate office.

Your Honor, I am asking the court to request all of the paperwork along with the st[e]nography from the State of Alabama Board of Laborers, and it will show that I won my appeal after Colonial Trailways blocked me from receiving my unemployment[.] I enclosed in this envelope the letter that I received from The State of Alabama Board of Appeals.

Your Honor, I contacted several lawyers to see if they could take my case and no one wanted to assist me in this matter[.] I placed in the envelope a response that I printed off my own email address of one of the lawyers turning me down. I also contacted Volunteer lawyers of Mobile and Montgomery, and I also got in contact with the Bar Association and no one wanted to help me. This [is] the reason why I am asking the Court permission for me to represent myself.

Your Honor, I have a voice recording on my cell phone of the conversation of me and my district mechanic the day he wrongfully terminated me.

Your Honor, I am seeking to be compensated for five hundred thousand dollars.

> Your Honor, it is against Federal Law to work in a hostile work place.

(Id. at 3-4). Along with his complaint, Neal filed a decision of the Alabama Department of Labor's Board of Appeals stating that Neal was eligible for unemployment benefits, and a letter from an attorney's office declining to represent him in this matter. (Id. at 7-10).

Colonial Trailways was served with Neal's lawsuit on May 26, 2020. (Id. at 14). On June 24, 2020, Colonial Trailways removed the case to this Court on the basis of federal question jurisdiction, premised on Neal's assertion that there had been a violation of "federal laws." (Doc. 1). On July 1, 2020, Colonial Trailways filed the instant motion to dismiss Neal's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), along with a supporting brief. (Docs. 3, 4). In support of its motion, Colonial Trailways asserts that Neal's complaint fails to state a claim upon which relief can be granted because it fails to specify the "federal law" under which Neal seeks relief and is devoid of factual allegations supporting a properly pleaded violation of federal law. (Doc. 4 at 1, 6-8). Neal filed a response in opposition to the motion (Doc. 9), Colonial Trailways filed a reply (Doc. 12), and the motion is now ripe for resolution.[1]

---

[1] On August 11, 2020, Colonial Trailways notified the Court that Neal had filed a "Motion to Remain/Stay" in the Mobile County Circuit Court on August 6, 2020. (Doc. 11; Doc. 11-1 at 1). In

## II. **STANDARDS OF REVIEW**

### A.  **Rule 12(b)(6).**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a motion to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). On such a motion, the "issue is not whether a plaintiff will ultimately prevail but whether the

---

his motion, Neal requested that his case remain in state court because he "can not afford to have [his] claim remove[d] from Circuit over to Southern District Court." (Doc. 11-1 at 2). The Circuit Court denied Neal's motion as "MOOT" on August 7, 2020. (Doc. 11-2).

With respect to Neal's "Motion to Remain/Stay" filed in state court, the undersigned notes that "[g]enerally, documents filed in state court after removal are legal nullities, and the state court no longer has jurisdiction to enter any substantive orders once a case is removed to federal court." Alexander v. Kirkpatrick, 2019 U.S. Dist. LEXIS 149207, at *4, 2019 WL 4164882, at *2 (D.N.M. Sept. 3, 2019) (holding that, where plaintiff filed an "Objection to Removal" and a motion to amend her complaint to add an allegedly nondiverse party in state court after removal had already occurred, "Plaintiff's reliance on her state-court 'Objection' and motion to amend the complaint is misplaced; those documents effectively do not exist [and] . . . represent legal nullities that have no bearing on any part of the removed action"), report and recommendation adopted, 2019 U.S. Dist. LEXIS 205844, 2019 WL 6337771 (D.N.M. Nov. 27, 2019); see also 28 U.S.C. § 1446(d) ("[After removal,] the State court shall proceed no further unless and until the case is remanded."); Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3736 (Rev. 4th ed. 2019) ("[N]umerous courts have ruled that any post-removal proceedings in the state court are considered coram non judice and will be vacated by the federal court . . . ."); id. at § 3739 ("A litigant who believes that a case has been removed improperly must challenge the removal by a motion to remand in the federal court, rather than by a motion in the state court."). In any event, Neal's "Motion to Remain/Stay" filed in state court does not offer a valid basis to remand this case to state court.

claimant is entitled to offer evidence to support the claims." Little v. City of N. Miami, 805 F.2d 962, 965 (11th Cir. 1986) (per curiam) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam) (quoting GSW, Inc. v. Long Cnty., 999 F.2d 1508, 1510 (11th Cir. 1993)). The court must draw "all reasonable inferences in the plaintiff's favor." St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002). However, the court is not required to accept as true a plaintiff's legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (citation and internal quotation marks omitted). A complaint "does not need detailed factual allegations," but a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555-56 (internal citations and parentheticals omitted). The plaintiff must plead "enough facts to state a claim that is plausible on its face." Id. at 570. Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Id.

**B.    Rule 8 and Rule 10.**

Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2)'s purpose is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Twombly, 550 U.S. at 555 (citation and internal quotation marks omitted). Further, the allegations in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

6

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015); see also LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818-19 (11th Cir. 2015) (per curiam) (noting that the Eleventh Circuit "has repeatedly condemned shotgun pleadings" and finding that plaintiff's complaint was properly dismissed because it was "a classic shotgun pleading" that did not comply with Rules 8(a), 8(d), or 10(b)). Although there are different types of shotgun pleadings, their "unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

**C.** *Pro Se* **Litigation**.

When considering a *pro se* litigant's filings, a court gives them a liberal construction, holding them to a less stringent standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does not have "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701,

709 (11th Cir. 2010). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

**III. DISCUSSION**

Even after giving Neal's complaint the most liberal construction possible under the law, the undersigned concludes that Neal has failed to state a plausible claim for relief. Neal's complaint is a shotgun pleading that violates Rules 8 and 10 of the Federal Rules of Civil Procedure, as it fails to give either the Defendant(s)[2] or the Court adequate notice of Neal's claims and the grounds upon which they rest. In addition, Neal's complaint contains insufficient factual allegations to state a violation of federal law.

As an initial matter, Neal's complaint fails to specify which cause or causes of action he is attempting to assert. He twice asserts that "it is against federal laws to work in a hostile work place." (See Doc. 1-1 at 3-4). However, he does not identify the

---

[2] Although Colonial Trailways is the only Defendant listed in the caption of the complaint, Neal included a separate page stating: "Michael Easter[:] District Mechanic/ The one who wrongfully terminated me." (Doc. 1-1 at 5). And in his response to Colonial Trailways' motion to dismiss, Neal states that he is "requesting the Federal Court to hold Colonial Trailways and Michael Easter (District Mechanic) to be responsible for all action and activities that happened at Colonial Trailways['] work place!!" (Doc. 9 at 1).

8

"federal laws" to which he is referring. To the extent he is seeking to assert more than one cause of action against Defendant, Neal "commits the sin of not separating into a different count each cause of action or claim for relief." See Weiland, 792 F.3d at 1323; see also Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996) (characterizing as a shotgun pleading a complaint that "was framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts"); Novak v. Cobb Cnty. Kennestone Hosp. Auth., 74 F.3d 1173, 1175 & n.5 (11th Cir. 1996) (referring to a complaint that pleaded several discrete causes of action in a single count as "a quintessential 'shotgun pleading'"); Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (finding that failure to "present each claim for relief in a separate count, as required by Rule 10(b)," constitutes a shotgun pleading). Neal also fails to set forth his claims in "numbered paragraphs each limited as far as practicable to a single set of circumstances." See Fed. R. Civ. P. 10(b). Instead, he presents his complaint to the Court in letter form and includes various discussions that have no apparent relevance to his claims.

In his complaint, Neal appears to allege that his employment with Colonial Trailways was terminated because he called the police after a co-worker drew a knife and threatened to kill him. (See Doc. 1-1 at 3). By twice referencing "federal law" prohibiting "a

hostile work place" in his complaint, it is possible that Neal is attempting to assert that Defendant violated federal anti-discrimination law, such as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"),[3] or the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"),[4] based on the knife-wielding incident, the subsequent termination of his employment, or both.

However, Neal's assertion that "it is against Federal Law to work in a hostile work place" is a misstatement of the law. "Federal anti-discrimination laws . . . do not impose a 'general civility code' in the workplace." McKinney v. Aquatic Gardens, Inc., 2010 U.S. Dist. LEXIS 159725, at *28-29, 2010 WL 11561469, at *8 (N.D. Ala. Feb. 26, 2010) (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998)). Instead, "to be actionable under federal law, mistreatment . . . must be based on a protected characteristic . . . ." Ghioroaie-Panait v. Rolle, 2020 U.S. Dist. LEXIS 4285, at *20, 2020 WL 130892, at *7 (M.D. Ala. Jan. 10,

---

[3] Title VII commands that it is "unlawful . . . for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

[4] "The ADEA makes it unlawful for an employer to discriminate against employees over age 40 on the basis of age." Caraway v. Sec'y, U.S. Dep't of Transp., 550 F. App'x 704, 708 (11th Cir. 2013) (per curiam) (citations omitted).

2020); see also Vickery v. Medtronic, Inc., 997 F. Supp. 2d 1244, 1256 (S.D. Ala. 2014) ("It is a 'bedrock principle that not all objectionable conduct or language amounts to discrimination under Title VII.' Therefore, only conduct that is 'based on' a protected category, such as race, may be considered in a hostile work environment analysis.") (quoting Jones v. UPS Ground Freight, 683 F.3d 1283, 1297 (11th Cir. 2012)); Baldwin v. Blue Cross/Blue Shield of Ala., 480 F.3d 1287, 1301–02 (11th Cir. 2007) ("Title VII does not prohibit profanity alone, however profane. It does not prohibit harassment alone, however severe and pervasive. Instead, Title VII prohibits discrimination, including harassment that discriminates based on a protected category . . . .").

To establish a hostile work environment claim under Title VII or the ADEA, a plaintiff must show (1) that he belongs to a protected group; (2) that he has been subject to unwelcome harassment; (3) that the harassment was based on his membership in a protected group; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of his employment and create an abusive working environment; and (5) that his employer is responsible for the harassment under a theory of vicarious or direct liability. Litman v. Sec'y, of the Navy, 703 F. App'x 766, 771 (11th Cir. 2017) (per curiam).

With regard to Neal's claim that he was wrongfully terminated, the Court notes that, absent direct evidence of discrimination, an

employee establishes a prima facie case of discriminatory discharge under Title VII or the ADEA by showing: (1) he was a member of a protected group or class; (2) he was qualified to do the job from which he was discharged; (3) he was subject to an adverse employment action, i.e., termination; and (4) he was replaced with a person outside the protected class. Alexander v. Sonny's Real Pit Bar-B-Q, 701 F. App'x 931, 935 (11th Cir. 2017) (per curiam); Walker v. NationsBank of Fla. N.A., 53 F.3d 1548, 1556 (11th Cir. 1995). Notably, under these statutes, an employer is not required to have good cause for its decision to fire an employee. "The employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." Alexander, 701 F. App'x at 935 (citation and internal quotation marks omitted).

To the extent he seeks to bring a hostile work environment claim under Title VII or some other federal anti-discrimination statute, Neal's allegations fail to establish the necessary elements of such a claim. At minimum, Neal does not allege facts suggesting that he was a member of a protected class or that he was subject to harassment based on his membership in a protected group.

Similarly, to the extent Neal seeks to bring a wrongful termination claim based on Title VII or some other federal statute,

he fails to allege facts that suggest intentional discrimination based on his membership in a protected class. For example, Neal alleges nothing suggesting that he has direct evidence of discrimination, nor does he allege facts relating to his membership in a protected class, qualification for the position held, or replacement with a person outside of his protected class.

Neal's allegations merely suggest that he was fired for calling the police after a co-worker drew a knife and threatened him, despite the fact that he was absolutely justified in doing so. These allegations alone do not provide the basis for a viable federal claim. See Curry v. Dart Container Corp. of Ga., 2014 U.S. Dist. LEXIS 73625, 2014 WL 2456971, at *3 (N.D. Ga. May 30, 2014) (remanding case to state court based on lack of federal question jurisdiction where plaintiff, after being specifically informed that if he intended to assert a claim under federal law, he needed to say so expressly and specifically allege facts meeting the elements of the claim, responded that the only claim he was pursuing was "wrongful termination" and cited a case relating to a breach of an implied employment contract under state law).[5]

---

[5] To the extent Neal seeks to name district mechanic Michael Easter as a Defendant and hold him personally liable for his termination, the Court notes that there is no individual liability for violating the employment discrimination provisions of Title VII, the ADEA, or the Americans with Disabilities Act. See Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the *employer,* not individual employees whose actions would constitute a violation of the Act."); Smith v.

Although Neal's complaint is deficient as drafted, dismissal at this juncture is premature. This is particularly true since it is unclear whether Neal is in fact attempting to assert a federal claim and thereby invoke this Court's subject matter jurisdiction. Furthermore, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" Woldeab v. Dekalb Cnty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018) (quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (holding that this rule does not apply to plaintiffs who have legal counsel)); see also Dowdell v. Lee Cnty., Ala., 2018 U.S. Dist. LEXIS 51628, at *14-15, 2018 WL 1519049, at *3 (M.D. Ala. Mar. 28, 2018) (noting that where plaintiff filed his complaint in Alabama state court, which has not adopted the heightened federal pleading standard, and where defendants removed the case to federal court and challenged the sufficiency of the plaintiff's allegations under the more stringent federal pleading

---

Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (stating that individuals "cannot be held liable under the ADEA or Title VII"); Albra v. Advan, Inc., 490 F.3d 826, 830 (11th Cir. 2007) (stating that because the ADA's definition of "employer" is similar to that under Title VII and the ADEA, neither of which countenance individual liability, "individual liability is precluded for violations of the ADA's employment discrimination provision").

14

standard, "justice is best served by allowing Plaintiff an opportunity to re-plead his claims under the federal pleading standard").

Therefore, while the complaint as drafted fails to state any viable federal claim, the appropriate course of action is to provide Neal the opportunity to amend his complaint. In so doing, Neal must specifically identify any federal law under which he is asserting a claim, allege facts sufficient to meet the elements of such a claim, and plead his claims with sufficient specificity to conform to Rules 8 and 10. This includes identifying his pleading as an amended complaint and listing all Defendants in the caption; separating his causes of action or claims for relief (to the extent there are more than one) into different counts; stating his allegations in numbered paragraphs that are each limited as far as practicable to a single set of circumstances; specifying the exact conduct that each Defendant (to the extent there are more than one) engaged in as to each count; making clear which factual allegations pertain to which claims; and providing the specific grounds upon which each of his claims for relief are based. Additionally, Rule 20(a)(2) of the Federal Rules of Civil Procedure requires that only related claims be maintained in the same action. Thus, Neal must file a separate complaint for each claim, unless the claims are related to the same incident or issue. See Fed. R. Civ. P. 20(a)(2).

Neal "is cautioned that this Court cannot help him, draft his complaint for him, or overlook pleading defects in his filings merely because he is not represented by counsel." See Braxter v. Ballard, 2014 U.S. Dist. LEXIS 47623, at *4, 2014 WL 1364508, at *1 (S.D. Ala. Apr. 7, 2014). Neal "is further cautioned that he should not assume that he will be granted further opportunities to amend his pleading. If the amended complaint he chooses to file now remains legally and procedurally defective, this action may be dismissed with prejudice." See id., 2014 U.S. Dist. LEXIS 47623, at *5, 2014 WL 1364508, at *1.

## IV. CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** that Defendant's motion to dismiss (Doc. 3) be **DENIED without prejudice**, and that Neal be ordered to file and serve an amended complaint that conforms to the pleading standards outlined above, that specifically identifies the claims Neal is attempting to assert, and that specifically identifies any federal laws under which those claims are brought.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **15th** day of **September, 2020.**

                                       **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**