IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLEVEN NEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 20-00328-KD-B |
| | ) |
| COLONIAL TRAILWAYS, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

On September 15, 2020, the Magistrate Judge entered a Report and Recommendation to deny Defendant Colonial Trailways, Inc.'s motion to dismiss the complaint and allow Plaintiff Cleven Neal an opportunity to amend his complaint to correct certain deficiencies identified by the Magistrate Judge (doc. 18). The Report and Recommendation was mailed to Neal at his post office box. He did not file an objection.

On October 15, 2020, the Court adopted the Report and Recommendation (doc. 19). The Court ordered Neal to file and serve on or before November 15, 2020, an amended complaint that conformed to the pleading standards outlined in the Report and Recommendation, specifically identified the claims Neal attempted to assert, and specifically identified any federal laws under which those claims were brought. (Id.) On October 15, 2020, the Clerk mailed a copy of the Order and a copy of the Court's Pro Se Litigant Guide to Neal at his post office box.

On October 16, 2020, Neal signed a document captioned "Amendment" (doc. 21). Neal states that he is bringing a Title VII claim against his former employer Colonial Trailways and requests the Court to allow the cell phone recording of the conversation with the district mechanic "during the time" Neal was "wrongfully terminated" admitted as evidence (id.).

Since the "Amendment" was signed on October 16, 2020, one day after the Order was

mailed, and its contents do not comply with the Court's order, it may not have been filed in response to the Order. However, if Neal did receive the Order on October 16, 2020 and intended the "Amendment" to be an amended complaint in response to the Order, it fails to correct the deficiencies identified in the Report and Recommendation (see doc. 18, p. 8-16)[1] and Neal has filed a pleading which remains legally and procedurally defective. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir.2007) (the pleadings of *pro se* litigants are entitled to "liberal construction," but must "conform to procedural rules.") (citation omitted). Alternatively, if the "Amendment" was not filed in response to the Court's order, then Neal has failed to file an amended complaint, and thus failed comply with the Court's order and failed to prosecute this action.

In the Report and Recommendation, Neal was cautioned that "he should not assume that he will be granted further opportunities to amend his pleading. If the amended complaint he chooses to file now remains legally and procedurally defective, this action may be dismissed with prejudice." (doc. 18) (quoting Braxter v. Ballard, 2014 WL 1364508, at *1 (S.D. Ala. Apr. 7, 2014). Since Neal was given notice that failure to properly plead may result in dismissal of this action, the Court finds that under these circumstances and at this procedural posture, lesser sanctions than dismissal will not suffice. However, dismissal with prejudice is not an appropriate sanction.[2]  Accordingly, this action is **dismissed without prejudice** pursuant to the Court's

---

[1] The Magistrate Judge explained in detail what Neal must do to meet the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, and the applicable federal law.

[2] See Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337–38 (11th Cir.2005) (dismissal with prejudice "is an extreme sanction that may be properly imposed only when (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice") (citations and internal quotation marks omitted).

"inherent authority to control the proceeding before them, which includes the authority to impose 'reasonable and appropriate' sanctions." <u>Martin v. Automobili Lamborghini Exclusive, Inc.</u>, 3017 F. 3d 1332, 1335 (11th Cir. 2002), Fed. R. Civ. P. Rule 41(b), and S.D. Ala. Civil Local Rule 41(c)³, for failure to prosecute and failure to abide by the orders of this Court.

DONE and ORDERED this the 14th day of December 2020.

s/ Kristi K. DuBose<br>
KRISTI K. DuBOSE<br>
CHIEF UNITED STATES DISTRICT JUDGE

---

³ "(c) Dismissal for Lack of Diligence. Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."