IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CLEVEN NEAL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 20-00328-KD-B |
| | ) |
| **COLONIAL TRAILWAYS,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This action is before the Court on the motion to amend order and memorandum in support filed by Defendant Colonial Trailways (doc. 24, doc. 24-1). Colonial Trailways points out that after giving *pro se* Plaintiff Cleven Neal a second opportunity to amend his complaint, this Court dismissed the action without prejudice pursuant to Fed. R. Civ. P. 41(b) and S. D. Ala. Civil LR 41(c) for failure to prosecute and failure to abide by the orders of this Court. Colonial Trailways now moves the Court to amend its order and dismiss this action with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) on basis that Neal's complaint and document captioned "Amendment" fail to state a claim upon which relief can be granted and because Neal failed to comply with Fed. R. Civ. P. 8(a)(2) and 9(c).[1]

Colonial Trailways did not specify which Rule of Civil Procedure provides the procedural basis for its motion. However, Colonial Trailways seeks amendment of a final order and its motion to amend was filed within 28 days of the entry of the order. Therefore, the Court considers the motion as brought pursuant to Rule 59(e) ("Motion to Alter or Amend a Judgment. A motion to

---

[1] Colonial Trailways argues that Neal attempted to bring a claim pursuant to Title VII of the Civil Rights Act but failed to provide any evidence of exhaustion of administrative remedies before filing his lawsuit. Colonial Trailways points out that pursuant to Fed. R. Civ. P. 9(c), Neal must allege that he meets all conditions precedent to filing a Title VII action, i.e., allege that he filed a Charge of Discrimination with the EEOC, but Neal failed to do so (doc. 24-1, n. 3).

alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

In that regard, the Court of Appeals for the Eleventh Circuit has explained that the "only grounds for granting a Rule 59(e) motion are newly discovered evidence or manifest errors of law or fact." Hicks-Washington v. Housing Authority of City of Fort Lauderdale, 803 Fed. Appx. 295, 300 (11th Cir. 2020) (citing Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010); Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (same). Some courts have found that an intervening change in controlling law may also be a proper ground for amending an order pursuant to Rule 59(e). Smith v. Dunn, No. 2:19-CV-927-ECM, 2021 WL 312617, at *1 (M.D. Ala. Jan. 29, 2021); Thermoset Corp. v. Bldg. Materials Corp. of Am., No. 14-60268-CIV, 2015 WL 11197751, at *1 (S.D. Fla. Aug. 3, 2015) ("Three grounds justify amendment of an earlier order under Rule 59(e): '(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.'") (citation omitted).

Colonial Trailways has not presented evidence to support any of the delineated grounds which may justify an amendment to the order. As explained in Jacobs, "[r]econsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." 626 F. 3d at 1344. Since Colonial Trailways has failed to show any intervening change in controlling law, new evidence, or the need to correct any manifest errors of law or fact upon which the decision was based, the motion is DENIED. Moreover, a "Rule 59(e) motion cannot be used to relitigate old matters" such as Colonial Trailways' prior argument (doc. 4) that the action should be dismissed pursuant to Rule 12(b)(6) and Rule 8(a)(2), or to raise arguments regarding Rule 9(c)[2] that could have been raised prior to entry of the order. Arthur v. King, 500 F.3d at 1343.

DONE and ORDERED this the 22nd day of February 2021.

                                        s/ Kristi K. DuBose
                                        KRISTI K. DuBOSE
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Upon review, the Court did not find any argument based on Rule 9(c) (doc. 4).